# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LAMARCUS MORRIS** | **CIVIL ACTION** |
| **VERSUS** | **No. 07-5453** |
| **GULF COAST RAIL GROUP, INC., ET AL** | **SECTION I** |

## ORDER AND REASONS

Plaintiff has filed a motion for reconsideration of this Court's order granting the defendant's motion for partial summary judgment. The defendant has opposed the motion for reconsideration. For the following reasons, the motion[1] for reconsideration is **DENIED**.

## LAW & ANALYSIS

**A. Standard of Law**

Motions requesting reconsideration of court orders generally fall under Rule 59(e) or Rule 60 of the Federal Rules of Civil Procedure. *See Ford v. Troyer,* No. 97-890, 1997 WL 731945, at *1 n. 3. While the Federal Rules of Civil Procedure do not specifically recognize a motion for reconsideration, "[a]ny motion termed as such will be treated as either a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Rule 60(b)." *Harrington v. Runyon,* No. 96-60117, 1996 WL 556754, at *1 (5th Cir. Sept. 3, 1996) (citing *Lavespere v. Niagra Mach. & Tool Works, Inc.,* 910 F.2d 167, 173 (5th Cir. 1990)).

If a motion for reconsideration is filed within twenty-eight days of the entry of the order

---

[1] R. Doc. No. 133.

1

or judgment being challenged, "it will be treated as a 59(e) motion; if it is filed after [twenty-eight][2] days, it will be treated as a 60(b) motion." *Id*. (citing *Forsythe v. Saudi Arabian Airlines Corp.*, 885 F.2d 285, 288 (5th Cir. 1989); *Harcon Barge Co. v. D&G Boat Rentals, Inc.*, 784 F.2d 665, 667-69 (5th Cir. 1986)). A Rule 60(b) motion is governed by more exacting substantive requirements than a Rule 59(e) motion. *Lavespere*, 910 F.2d at 174.

Plaintiff's motion for reconsideration was filed on May 25, 2010; plaintiff's motion seeks relief from an order that was entered on May 6, 2010. Accordingly, the motion for reconsideration was received less than twenty-eight days after the entry of the order and a Rule 59(e) analysis is appropriate.

A Rule 59(e) motion "calls into question the correctness of a judgment." *Tex. Comptroller of Pub. Accounts v. Transtexas Gas Corp.* (*In re Transtexas Gas Corp.*), 303 F.3d 571, 581 (5th Cir. 2002). It is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment, *Simon v. United States,* 891 F.2d 1154, 1159 (5th Cir. 1990), but instead "serve[s] the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.,* 875 F.2d 468, 473 (5th Cir. 1989).

A district court has "considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under" Rule 59(e). *Lavespere v. Niagara Mach. & Tool Works, Inc.,* 910 F.2d 167, 174 (5th Cir. 1990). Considerations that limit this discretion include: (1) the need to bring litigation to an end and (2) the need to render just decisions on the basis of

---

[2]On December 1, 2009, the time period for filing a motion under Rule 59(e) was extended from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

all of the facts. *Id.*

**B. Analysis**

Plaintiff argues that the Court failed to consider and to properly weigh certain deposition testimony. The Court observes that plaintiff has not presented any newly discovered evidence and essentially seeks to reargue the motion for partial summary judgment. As stated, a motion for reconsideration is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Simon,* 891 F.2d at 1159.

Plaintiff also argues that the Court failed to focus on the Fifth Circuit standard for a subservant theory of employment as stated in *Lindsey v. Louisville & Nashville R. Co.*, 775 F.2d 1322 (5th Cir. 1985) and, instead, relied on *Williamson v. Consolidated Rail Corp.*, 926 F.2d 926 F.2d 1344 (3d Cir. 1991).

In *Lindsey*, the Fifth Circuit held that:

> [U]nder [the Federal Employers' Liability Act, 45 U.S.C. § 51, *et seq.* ("FELA")] a worker can be the employee of a railroad even though carried on the employment rolls of another company and paid by that other company. The test of employment is the established test in workers' compensation cases. It is whether the railroad has control of the employee or the right to control the employee. The law does not require that the railroad have full supervisory control. It requires only that the railroad, through its employees, plays "a significant supervisory role" as to the work of the injured employee.

*Lindsey*, 775 F.2d at 1324. In *Williamson*, the Third Circuit explained that "the primary factor to be considered in determining whether a plaintiff was employed by the defendant [under FELA] is whether the latter had the power to direct, control and supervise the plaintiff in the performance of his work at the time he was injured." 926 F.2d at 1350. The Third Circuit stated that factors relevant to such determination include: "who selected and engaged the plaintiff to do the work; who paid his wages for performing it; who had the power to terminate his

3

employment; who furnished the tools with which the work was performed and the place of work." *Id.*

The *Williamson* court observed that both the *Lindsey* test and the *Williamson* test "emphasized the control factor in determining the employer-employee status under [FELA]." *Id.* The fact that the Third Circuit ultimately found that the plaintiff in *Williamson* was either a borrowed servant or a dual servant does not alter the fact that the tests in *Lindsey* and *Williamson* are consistent. Moreover, the Court specifically considered the *Williamson* factors "[i]n addition"[3] to its analysis of plaintiff's claims pursuant to Fifth Circuit and Supreme Court jurisprudence.

Accordingly,

**IT IS ORDERED** that the motion[4] for reconsideration is **DENIED.**

New Orleans, Louisiana, July 23, 2010.

                                                                         _____
                                                                                        **LANCE M. AFRICK**
                                                                         **UNITED STATES DISTRICT JUDGE**

---

[3] R. Doc. No. 128, p. 17.

[4] R. Doc. No. 133.